**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **THOMAS A. ZEBRASKY,** | ) | **CASE NO. 4:07 CV 1211** |
| | ) | |
| **PLAINTIFF,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALFONSO VALDES,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **DEFENDANT.** | ) | |

This matter is before the Court on Plaintiff Thomas A. Zebrasky's Motion for Judgment on the Pleadings, (Dkt. # 12), and Defendant Alfonso Valdes's Motion for Summary Judgment, (Dkt. # 13). For the following reasons the Motion for Judgment on the Pleadings is **DENIED**, and the Motion for Summary Judgment is **GRANTED IN PART**.

**I.  FACTUAL BACKGROUND**

Zebrasky and Valdes are the only members of Evergreen Land Development, LTD, an Ohio limited liability company ("Evergreen"). Evergreen operates a real estate development called Pine Lake Reserve. Zebrasky has a 49 percent ownership interest in Evergreen, and Valdes has a 51 percent ownership interest in Evergreen. The Operating Agreement of Evergreen Land Development LTD ("Operating Agreement") contains a buyout provision that provides, *inter alia*:

> [A]ny Member may elect to purchase the entire interest of any other Member. . . . If any Member ("Purchasing Member") elects to purchase the interest of any other Member . . . , the Purchasing Member shall make an offer, in writing, for the purchase of the interest of the other Member . . . . The Member . . . to whom the offer is made shall have a period of thirty (30) days from the receipt of the offer to accept or reject

> the offer. The offer, when made, must be supported by either simultaneous delivery of the full amount of the purchase price, in certified cash or equivalent funds in escrow, or by a letter of credit for the full amount of the purchase price . . . . If the Member does not . . . accept the offer of the Purchasing Member within said thirty (30) days period, then the Member . . . shall make or shall be deemed to have made the same offer to the Purchasing Member . . . who must the accept the offer.

(Dkt. # 3-3 at 3-4).

Zebrasky and Valdes remain involved in litigation in Ohio state court. One case, pending before the Mahoning County Court of Common Pleas, involves high-end specialty vehicles ("Mahoning County Litigation"). Another case, pending before the Seventh District Court of Appeals of Ohio, relates to the operation of Evergreen ("Seventh District Litigation").

On February 2, 2007, Valdes's attorney sent a letter to Zebrasky's attorney ("February 2 Letter"). (Dkt. # 13-2). The February 2 Letter stated that it was Valdes's understanding that Zebrasky had recently represented, to a third party, an interest in selling his ownership interest in Evergreen. The February 2 Letter stated that "Mr. Valdes is willing to separately negotiate on that issue," and included certain terms that Valdes would expect Zebrasky to satisfy in selling his ownership interest in Evergreen. The February 2 Letter further stated that "Mr. Valdes is prepared to offer the sum of $50,000.00 to purchase Mr. Zebrasky's minority membership share in Evergreen . . . . If this proposal is acceptable, please so advise."

In a letter dated February 6, 2007, Zebrasky's attorney replied with a letter ("February 6 Letter") and stated that Zebrasky did not accept Valdes's offer to buy Zebrasky's shares. (Dkt. # 13-3). In the February 6 Letter, Zebrasky made a counter-offer to Valdes. The counter-offer was on the same terms as the offer and stated that, according to the Operating Agreement, Valdes was required to accept the counter-offer. Zebrasky included a $50,000 check with the February 6 Letter.

Valdes's lawyer responded by letter on February 7, 2007 ("February 7 Letter"). (Dkt. # 13-4). The February 7 Letter stated that the February 2 Letter was written in response to Zebrasky's earlier comments that he was interested in selling his interest in Evergreen. The February 7 Letter stated further that the February 2 Letter was not an offer, but a response to Zebrasky's invitation to negotiate. The $50,000 check was enclosed with the February 7 Letter and returned to Zebrasky's attorney.

## II.     PROCEDURAL BACKGROUND

Zebrasky sued Valdes in Mahoning County Court of Common Pleas. In a one-count complaint, Zebrasky sought specific performance of Valdes's obligations under the Operating Agreement. (Dkt. # 1-2) Zebrasky claimed that the February 2 Letter constituted a written offer by Valdes to purchase Zebrasky's ownership interest in Evergreen for $50,000. Zebrasky claimed that he rejected Valdes's offer and made a counter-offer on the same terms, which Valdes was required to accept under the Operating Agreement. Valdes removed the case to this Court based on diversity jurisdiction.

In Valdes's answer he denied that the February 2 Letter constituted an offer under the Operating Agreement. (Dkt. # 3-1). Valdes also asserted a four-count counterclaim alleging that Zebrasky: 1) breached his fiduciary duty to Evergreen; 2) should be expelled from Evergreen because of his breach of fiduciary duty; 3) tortiously interfered with Evergreen's contracts; and 4) was liable for Evergreen's debts in the amount of $149,098.

Zebrasky filed a Motion for Judgment on the Pleadings and asserted that Valdes failed to offer a valid defense to the complaint. (Dkt. # 12). Zebrasky asserts that Valdes does note cite any authority, and no such authority exists, in support of his claims and defenses.[1] Zebrasky argues

---

[1] Ironically, Zebrasky cites no authority in support of his arguments in the Motion for

that since the February 2 Letter constituted an offer and Zebrasky rejected the offer and made a counter-offer on the same terms as the original offer, Valdes must accept the counter-offer and relinquish his ownership interest in Evergreen. Zebrasky asserts that the Operating Agreement is not subject to interpretation.

Valdes filed a Motion for Summary Judgment and Memorandum in Opposition to Plaintiff's Motion for Judgment on the Pleadings. (Dkt. # 13). Valdes contends that the February 2 Letter was not an offer to purchase Zebrasky's interest in Evergreen. Valdes maintains that the February 2 Letter was concerned with settling the Mahoning County Litigation and Seventh District Litigation. Additionally, Valdes asserts that the February 2 Letter was not an offer because the purchase price was not included with the written offer, as required by the Operating Agreement.

Zebrasky does not assert that Valdes made a proper offer in accordance with the Operating Agreement. Instead, Zebrasky argues that the Operating Agreement provision requiring that the purchase price accompany a written offer was written for the protection of a party in Zebrasky's position. Zebrasky claims he can waive that provision.

### III. LAW

#### A. Motion for Judgment on the Pleadings

Rule 12(c) provides that, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment may be granted under Rule 12(c) if a movant clearly establishes that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. Beal v. Missouri Pacific R.R., 312 U.S. 45 (1941). For purposes of this motion, all well-pleaded material allegations of the pleadings of the opposing

---

Judgment on the Pleadings.

party must be taken as true, while all contravening assertions in the movants' pleadings are taken as false. Given this standard, the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478 (6th Cir.1973).

### B. Motion for Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the non-moving party." Little v. BP Exploration & Oil Co., 265 F.3d 357, 361 (6th Cir. 2001). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [his] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); accord Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 556-57 n.7 (6th Cir. 2000). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52. "A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56 (c)). For a dispute to be genuine, the evidence must be such that "a reasonable jury could return a verdict for the nonmoving party."

Anderson, 477 U.S. at 248.

**IV.    ANALYSIS**

The formation of a valid contract requires an offer, an acceptance, and a "meeting of the minds" of the parties to the contract. Noroski v. Fallet, 442 N.E.2d 1302, 1304 (Ohio 1982). The only issue for the Court is whether the February 2 Letter constituted an offer. A valid offer is a "manifestation of willingness to enter into a bargain, so as to justify another person in understanding that his assent to that bargain is invited and will conclude it." Leaseway Distribution Centers, Inc. V. Ohio Dep't of Admin. Servs., 550 N.E.2d 955, 961 (Ohio Ct. App. 1988) (quoting Restatement (Second) of Contracts § 24 (1981)).

The language of the February 2 Letter does not support Zebrasky's conclusion that Valdes made an offer to purchase Zebrasky's ownership interest. Valdes's statement that he was "willing to negotiate separate on that issue" falls far short of constituting an offer. Furthermore, notwithstanding Zebrasky's argument to the contrary, Valdes's failure to include the purchase price with the February 2 Letter renders that communication merely an invitation to deal. There was no offer for Zebrasky to reject, and no basis on which to make a counter offer. Therefore, Zebrasky's complaint must fail.

Valdes also asserts that he is entitled to partial summary judgment on his counterclaim that Zebrasky must relinquish the Internet domain name www.pinelakereserve.com because "Pine Lake Reserve" is an official trade name of Evergreen. Valdes first raised this issue in his motion for summary judgment. The Court will not consider Valdes's claim with respect to the trade name "Pine Lake Reserve" as this claim was not raised in the counterclaim. See FED. R. CIV. P. 8 (a).[2]

---

[2]     Rule 8. General Rules of Pleading
        (a) Claim for Relief. A pleading that states a claim for relief must contain:
        . . .

**V. CONCLUSION**

For the foregoing reasons, Zebrasky's Motion for Judgment on the Pleadings is **DENIED**. Valdes's Motion for Summary Judgment on Zebrasky's Complaint is **GRANTED**. Zebrasky's Complaint is **DISMISSED**. Valdes's Counterclaim remains for further consideration.

**IT IS SO ORDERED.**

<u>**/s/ Peter C. Economus - November 28, 2007**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**

---

(2) a short and plain statement of the claim showing that the pleader is entitled to relief . . .

FED. R. CIV. P. 8.